IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| YVONNE JAKUBOWSKI, | HON. ROBERT HOLMES BELL |
| Plaintiff, | Case No. 1:11-cv-00597-RHB |
| v. | |
| MOSAIC MERCANTILE, INC., a Montana corporation, and HOBBY LOBBY STORES, INC., an Oklahoma corporation, TRIANGLE COATINGS, INC., a California corporation, and MICHAEL YABLON, individually, | |
| Defendants. | |
| _____/ | |

| | |
|---|---|
| Michelle McLean (P71393)<br>Joel W. Baar (P56796)<br>Bolhouse, Baar & Lefere, PC<br>Attorneys for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Drive SW<br>Grandville, MI 49418<br>(616) 531-7711<br>joelb@bolhouselaw.com<br>michellem@bolhouselaw.com | Cleo N. Fekaris (P61731)<br>Edwin S. Gault, Jr. (P71870)<br>Forman Perry Watkins Krutz & Tardy LLP<br>Attorney for Mosiac Mercantile Inc. & Michael Yablon<br>17199 N Laurel Park Dr Ste 314<br>Livonia, MI  48152<br>734-591-0454<br>fekariscn@fpwk.com<br><br>Gary L. Stec (P32234)<br>Harvey Kruse PC<br>Attorney for Hobby Lobby Stores Inc.<br>60 Monroe Center St NW Ste. 500B<br>Grand Rapids, MI  49503<br>616-771-0050<br>gstec@harveykruse.com |

**PLAINTIFF'S RULE 26(a)(1) DISCLOSURES**

**I.**   **Fed.R.Civ.P. 26(a)(1)(a) / Witnesses**: The following individuals are likely to have discoverable information that Plaintiff may use to support his claims in this matter:

  1. Yvonne Jakubowski, c/o Plaintiff's counsel.  Mrs. Jakubowski will testify regarding her claims in this matter and Defendants' alleged defenses.

  2. Dennis Jakubowski, husband of Yvonne Jakubowski, c/o Plaintiff's counsel.  Mr. Jakubowski will testify regarding Mrs. Jakubowski's claims in this matter and Defendant's alleged defenses.

  3. Jeffrey D. Mohr, M.D. Dr. Mohr is Mrs. Jakubowski's primary care physician.  He has treated her for several years.  In addition to his expected expert testimony in this matter,

he also has other discoverable information with respect to the claims and alleged defenses in this matter.

4. In addition to Dr. Mohr, Plaintiff may call the record keepers from Dr. Mohr's office who may be necessary to lay the foundation for the admission of evidence.

5. Glenn VanOttern M.D., 4100 Lake Drive SE, Suite 200, Grand Rapids, MI  49546.  Dr. VanOttern treated Ms. Jakubowski for the injuries that she suffered in connection with the claims in this matter.  In addition to his expected expert testimony in this matter, he also has other discoverable information with respect to the claims and alleged defenses in this matter.

6. In addition to Dr. VanOttern, Plaintiff may call the record keepers from Dr. VanOttern's office who may be necessary to lay the foundation for the admission of evidence.

7. Sherman A. Sprik, M.D., 655-A Kenmoor Ave. SE, Grand Rapids, MI  49546.  Dr. Sprik treated Ms. Jakubowski for the injuries that she suffered in connection with the claims in this matter.  In addition to the expected expert testimony in this matter, he also has other discoverable information with respect to the claims and alleged defenses in this matter.

8. In addition to Dr. Sprik, Plaintiff may call the record keepers from Dr. Sprik's office who may be necessary to lay the foundation for the admission of evidence.

9. Employees of St. Mary's Hospital who are yet to be named, specifically those employed in the emergency unit, 200 Jefferson St. SE, Grand Rapids, MI 49503.  Ms. Jakubowski was treated in March of 2009 because she was unable to breath and could not stop coughing.

10. Plaintiff may call the record keepers from St. Mary's Hospital who may be necessary to lay the foundation for the admission of evidence.

11. Employees and management of Hobby Lobby (c/o Defendant's counsel) who are responsible for stocking shelves and or pulling recalled items and or who are responsible for maintaining inventory and or payment of accounts payable and or receivable and which pertain to Mosiac Mercantile or any other employees of Hobby Lobby who may have discoverable information with respect to Mosiac Mercantile's sealer and primer.

12. Employees and management of Mosiac Mercantile and Michael Yablon (c/o Defendant's counsel) who are responsible for labeling, testing, manufacture, and or who are responsible for maintaining inventory and or payment of accounts payable and or receivable and which pertain to Hobby Lobby or any other employees of Mosiac Mercantile who may have discoverable information with respect to Mosiac Mercantile's sealer and primer.

13. Employees and management of Triangular Coatings, including Ned Kisner, of 1930 Fairway Drive, San Leandro, CA 94577 who are responsible for manufacturing and labeling products manufactured for Mosiac Mercantile or any other employees of Triangular Coating Lobby who may have discoverable information with respect to Mosiac Mercantile's sealer and primer.

II. **Fed.R.Civ.P. 26(a)(1)(b) / Documents**: The following documents are in the possession, custody, or control of Plaintiff and Plaintiff may use them to support her claim in this matter.  These documents have already been provided to Defense counsel at an earlier date:

    1.    Plaintiff's medical records from all treating physicians.
    2.    Laboratory testing results on the products.
    3.    Photos of the Plaintiff and of the product.
    4.    Photographs of tiles and the actual tiles which were coated with the product as well as tiles coated with correctly labeled sealer and primer and photographs of the same.
    5.    Receipt for the purchase of the product.
    6.    Copies of emails between Mrs. and or Mr. Jakubowski and Mr. Yablon of Mosiac Mercantile.
    7.    Recordings of phone conversations between Mrs. Jakubowski and poison control as well as recorded conversations with Mr. Yablon regarding the fact that he knew that some of the product had been mislabeled and shipped to Hobby Lobby.
    5.    Other miscellaneous documents relative to Plaintiff's claim.

**III.**   **Fed.R.Civ.P. 26(a)(1)(c) / Calculation of Damages**:  Based upon Plaintiff's review of her medical receipts, Plaintiff has spent $1,649.25 in out-of-pocket medical expenses and she faces continued increased medical costs due to recurrent, intense, and frequent upper respiratory infections that she has suffered since the exposure.  She also has monthly insurance premiums that she must keep in force in excess of $400 per month for herself since the injury occurred.  In addition to her medical costs, she has also suffered tremendous stress and emotional humiliation as a result of the injuries she has sustained.  Plaintiff believes her claim will result in damages in excess of $100,000. The statutory claims which Plaintiff has brought in her complaint provide for actual or statutory damages, whichever is greater, plus punitive damages and attorney fees.

These disclosures are based upon information currently available to Plaintiff.   Plaintiff reserves the right to identify additional witness, documents, and damages as they may become known through discovery.

                              Respectfully submitted,

Dated: <u>December 24, 2011</u>          Bolhouse, Baar & Lefere, P.C.

                              By:  <u>/s/ Michelle M. McLean</u>
                                  Michelle M. McLean (P71393)

                            Grandville State Bank Building
                            3996 Chicago Drive SW
                            Grandville MI 49418
                            Phone: (616) 531-7711
                            michellem@bolhouselaw.com

                            Attorneys for Plaintiff