IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

———————————————

YVONNE JAKUBOWSKI

    Plaintiff,

v.

TRIANGLE COATINGS, INC., a
California corporation, and
MOSAIC MERCANTILE, INC.,
a Montana corporation, and
HOBBY LOBBY STORES, INC.,
an Oklahoma corporation, and
MICHAEL YABLON, individually,

    Defendants.

———————————————/

HON. ROBERT HOLMES BELL
Case No. 1:11-cv-00597-RHB

Michelle McLean (P71393)
Joel W. Baar (P56796)
Stephanie K. Tuttle (P73191)
Bolhouse, Baar & Lefere, PC
Attorneys for Plaintiff
Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
(616) 531-7711
joelb@bolhouselaw.com
michellem@bolhouselaw.com
stephaniet@bolhouselaw.com

Eugenie B. Eardley (P48615)
Eardley Law Offices, P.C.
Attorney for Defendant Triangle Coatings, Inc.
P.O. Box 830
Cannonsburg MI 49317-0830
(616) 874-2647
genieb@eardleylaw.com

Gary L. Stec (P32234)
Harvey Kruse, P.C.
Attorney for Defendant Hobby Lobby
60 Monroe Center NW, Suite 500B
Grand Rapids MI 49503
(616) 771-0050
gstec@harveykruse.com

Cleo N. Fekaris (P61731)
Forman Perry Watkins Krutz & Tardy LLP
Attorney for Mosaic Mercantile Inc. &
Michael Yablon
17199 N Laurel Park Drive, Suite 314
Livonia MI  48152
(734) 591-0454
fekariscn@fpwk.com

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT TRIANGLE COATINGS, INC.'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

**ORAL ARGUMENT REQUESTED**

NOW COMES Plaintiff, Yvonne Jakubowski, by and through counsel, Bolhouse, Baar & Lefere, P.C., and states as follows in response to Defendant Triangle Coatings, Inc.'s Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 60(b) and 55(c).

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against Defendants Mosaic Mercantile, Inc., Hobby Lobby Stores, Inc., Triangle Coatings, Inc. ("Triangle"), and Michael Yablon, individually, on June 8, 2011. (Docket # 1.)  The Summons was issued as to all Defendants on June 15, 2011. Triangle was served on June 27, 2011, and the Summons was returned executed to the court on July 13, 2011.  (Docket # 5.)  Triangle's Answer was due on July 18, 2011. *Id.*  On July 25, 2011, the Court issued a Notice of Impending Default as to Triangle.  (Docket # 7.)  The Court, on its own volition, entered a Default as to Triangle on August 12, 2011, in which it directed Plaintiff to submit the necessary pleadings for a Default Judgment by October 2, 2011. (Docket # 9.)  Plaintiff filed a Motion for Entry of Default Judgment on May 14, 2012, which included jury verdict research, the Affidavit of Plaintiff, an Expert Report, and a Proposed Order. (Docket # 35.)  The Court heard oral argument on Plaintiff's Motion to Enter Default Judgment on May 31, 2012 (Docket # 41), and entered a Default Judgment as to Triangle on June 27, 2012.  (Docket # 44.)

## FACTS RELEVANT TO THIS MOTION

Plaintiff Yvonne Jakubowski suffered injuries and experienced significant pain and suffering as a result of using mislabeled products she purchased at Hobby Lobby for a craft project involving grouting.  While undertaking due diligence to determine the party who manufactured the product at issue prior to filing the Complaint in this action, attorney Michelle McLean ("McLean") sent an email to a salesperson at Triangle asking if Triangle manufactured grout sealer or grout primer.  (Docket # 46-2, p. 5; Aff. of Michelle McLean, attached hereto as **Exhibit 1**, ¶ 4.)  McLean sent the message from her work email address: michellem@bolhouselaw.com.  (Docket # 46-2, p. 5.)  An employee by the name of Johnnie Cooper responded to the email message and indicated that Triangle did not carry the grouter,

2

but "we do carry the sealer." *Id.* He also provided McLean with a scanned image of some of the products that they offered (Docket # 46-2, p. 7), which clearly depicts "Triangle Crafts" on the package along with "Mosaic Grout[1]." *Id.* After determining with reasonable certainty that Triangle was involved in the manufacture of the product at issue, McLean filed the Complaint. (Ex. 1, ¶ 7.)

Triangle was served with the Summons and Complaint on June 27, 2011, and its Answer was due on or before July 18, 2011. It was not until August 3, 2011, that McLean received a telephone call from Ned Kisner ("Kisner"), President of Triangle. At that point, this Court had already issued a Notice of Impending Default. (Docket # 7.) During the conversation, Kisner claimed that Triangle did not manufacture any products for co-defendant Mosaic Mercantile, Inc. (Ex. 1 ¶ 10.) McLean told him about the emails she received from Triangle employee Johnnie Cooper which indicated that Triangle did manufacture the product at issue in the lawsuit, and she offered to forward those emails to Kisner. (Ex. 1 ¶¶ 11, 12.) McLean did forward the emails to Kisner on August 8, 2011, and she told Kisner during their conversation that he would need to provide proof, either personally or with the help of his lawyer, that Triangle was not the manufacturer. *Id.* Kisner never communicated again with McLean or responded in any way to her invitation to provide evidence proving Triangle was not the manufacturer. (Ex. 1 ¶ 18.)

As McLean states in her Affidavit, she "never assured Mr. Kisner, or any person associated with Triangle Coatings, Inc., either expressly or impliedly, verbally or in writing, that this lawsuit would simply 'go away' or be dismissed based on Mr. Kisner's unverified claim that Triangle did not manufacture for Mosaic." (Ex. 1 ¶ 14.)

During Plaintiff's Hearing on damages, held June 1, 2012, McLean candidly reported to the Court that she had communications with Kisner wherein he claimed Triangle was not the manufacturer of the product. (Ex. 1 ¶ 19.) She also told the Court that she had forwarded emails to Kisner from Johnnie Cooper which indicated that Triangle was indeed the

---

[1] Mosaic Mercantile, Inc. reached a settlement agreement with Plaintiff.

manufacturer, and that Kisner thereafter did not have any contact with her.  *Id.*  The Court

proceeded to award damages in the amount of $80,000.00 to Plaintiff, and a Default Judgment

was entered to that effect against Triangle on June 27, 2012.  (Docket # 44.)

Triangle waited until the last possible day to file its Motion to Set Aside Default.

(Docket # 46, dated June 27, 2013.)  This is not a case where the Defendant simply missed a

deadline to answer and immediately thereafter filed a request to set aside a default judgment.

This Defendant has neglected to attend to this matter for a year, and only took action when

Plaintiff began collection proceedings in California.  There is no good reason given for the delay,

the Defendant does not meet its burden of proof, and, therefore, this Court should deny

Triangle's Motion.

**LAW AND ARGUMENT**

### A. Legal Standard to Set Aside Default Judgment.

The mechanism for setting aside a default is found in Fed. R. Civ. P. 55(c), which states:

> **Setting Aside Default**.  For good cause shown the court may set aside an entry
> of default and, if a judgment by default has been entered, may likewise set it
> aside in accordance with Rule 60(b).

Once an entry of default has ripened into a default judgment and the court has

determined damages, the court must narrow its inquiry and apply the standard of relief set forth

in Fed R. Civ. P. 60(b).  *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292

(6th Cir. 1992).

> **Fed. R. Civ. P. 60(b)**
> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion
> and just terms, the court may relieve a party or its legal representative from a
> final judgment, order, or proceeding for the following reasons:
>
> (1)   Mistake, inadvertence, surprise, or excusable neglect;
> (2)   Newly discovered evidence that, with reasonable diligence, could not
>        have been discovered in time to move for a new trial under Rule 59(b);
> (3)   Fraud (whether previously called intrinsic or extrinsic), misrepresentation,
>        or misconduct by an opposing party;
> (4)   The judgment is void;
> (5)   The judgment has been satisfied, released or discharged; it is based on
>        an earlier judgment that has been reversed or vacated; or applying it
>        prospectively is no longer equitable; or
> (6)   Any other reason that justifies relief.

Although the standard set forth in Rule 60(b) is more stringent, the basic inquiry that applies to both a default and default judgment consists of consideration of the following factors:

1. Whether culpable conduct of the defendant led to the default,

2. Whether the defendant has a meritorious defense, and

3. Whether the plaintiff will be prejudiced.

*United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).  In the context of a default judgment, the culpability factor is framed by a determination of whether the defendant can show mistake, inadvertence, surprise, or excusable neglect as set forth in Rule 60(b)(1).   *Waifersong*, 976 F.2d at 292.   A defendant must satisfy the culpability requirement *first* in order to satisfy the standard of Rule 60(b)(1), and only then may the defendant be permitted to provide evidence of the other factors: whether defendant has a meritorious defense and that plaintiff would not be prejudiced.  *Id.*

Defendant has not demonstrated "mistake, inadvertence, surprise, or excusable neglect," and therefore cannot meet its burden to set aside the Default Judgment.  Defendant attempts to argue that Kisner was "naïve" and a simple "paint salesman," (Docket # 46-1 p. 4) and that he was somehow taken advantage of by McLean during their communication.  This is not true.  Kisner is the President of a company that does business internationally, as evidenced by his recent business trip to Hong Kong and his business trip "overseas" in July 2011.  (Docket # 46-1 p. 3; Docket # 46, p. 3.)  Kisner is a sophisticated business person, and as such, he should be very aware of the implications of his company being served with a summons and complaint from a federal court.  Furthermore, Kisner failed to follow-up with McLean and provide her with the documentation that would allegedly indicate that Triangle did not manufacture the product (despite their prior admission).  This was not a mistake, nor was it excusable neglect.  It was *inexcusable* neglect by a sophisticated business person who had every opportunity to obtain the assistance of an attorney and file an Answer.

Because the Defendant cannot meet its burden under the culpability factor, the Court need not consider whether there is a meritorious defense or an absence of prejudice of Plaintiff. *Waifersong*, 976 F.2d at 292.   However, assuming arguendo, that the Court accepts Defendant's explanation under Rule 60(b)(1), Defendant cannot show an absence of prejudice by Plaintiff, therefore its Motion still fails.

Prejudice can be demonstrated by showing that in setting aside the default judgment "the [plaintiff] will no longer be able to present, or will be unduly burdened in attempting to present, the claim(s) advanced in the original pleading as a result of the action, or more commonly the inaction, of the party against whom the default judgment was obtained." *Beaman v. Levy (In the Matter of Levy)*, 75 B.R. 894 (Bankr. S.D. Ohio 1987).   Loss of evidence, increased difficulties of discovery, or greater opportunities for fraud and collusion are also indicators of prejudice.   *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398, (6th Cir. 1987).

Plaintiff filed her Complaint on June 8, 2011.  The events surrounding the Complaint took place in 2008.   The simple passage of time since the injury occurred will prejudice Plaintiff's ability to present evidence concerning the mislabeling of the product.  Witnesses may no longer be available by a function of changing jobs or moving.  The witnesses who are still available will most likely not be able to recollect events with the same clarity as they may have two years ago.  This will increase the difficulty of discovery, as evidence from 2008 may be difficult or impossible to obtain.  In short, there is a strong likelihood of loss of evidence and substantial difficulties conducting discovery.  Plaintiff will most certainly be prejudiced if this Judgment is set aside.

### B.  No Additional Factors in Rule 60(b) apply.

Triangle also argues that "actions or inactions" of McLean are a form of misconduct or misrepresentation by the opposing party under Rule 60(b)(3).  Not only is this not the case, but it is offensive and a desperate grasp at Triangle's last possible argument.  On the contrary, McLean went over and above her ethical duty to conduct due diligence prior to filing a

Complaint against a party.  She sent an email from her law firm email account, which clearly has the extension "bolhouselaw.com" in it.  She did not misrepresent herself or what she was looking for.  She was simply trying to find out who manufactured the grout sealer in question in order to satisfy her obligation under Fed. R. Civ. P. 11.[2]

Triangle cites various Michigan Rules of Professional Conduct, namely Rule 3.3 "Candor Toward the Tribunal," Rule 3.4 "Fairness to Opposing Party and Counsel," and Rule 4.3 "Dealing with an Unrepresented Person" in its desperate attempt to paint a picture of misrepresentation by McLean.  In regard to Rule 4.3, it is important to note that Kisner reached out to McLean, knowing full well that she was the attorney representing Plaintiff.  McLean never promised Kisner that she would dismiss Triangle, and he failed to provide the alleged documentation that Triangle did not manufacture the product at issue.  Triangle's failure to provide the documentation was a tacit admission that it did manufacture the product at issue (and consistent with its prior admission).

As to Rules 3.3 and 3.4, McLean went above and beyond her ethical duty to be fair to Triangle by offering to review documents that would allegedly substantiate Kisner's claims.  McLean was very forthright with the Court during the Hearing on damages held June 2, 2012.  McLean disclosed her communications with Kisner and his statements denying that Triangle manufactured the product.  McLean was ethically bound to proceed with the evidence she did have – including the emails and pictures sent to her by a Triangle employee depicting Triangle's name on Mosaic's products.

Furthermore, Kisner is not a *pro se* defendant.  Kisner is not the defendant at all.  The defendant is Triangle Coatings, Inc., and having the status of a corporation, cannot, by definition, be represented by a layperson.  Triangle *must* be represented by an attorney in federal court.  *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).  As President of a company conducting business internationally, Kisner certainly can avail himself of

---

[2] Had McLean not completed her investigation (which resulted in an admission by Triangle), Triangle would likely argue that she failed to meet her Rule 11 obligation.  Since she clearly met her obligation, Defendant desperately tries to use it against her.

the services of an attorney, and it would be surprising if he has never had to call upon a lawyer for anything in his years as President of Triangle.  As an officer and resident agent of Triangle, Kisner is authorized to speak on behalf of the company during court proceedings, but he may not represent the company in court.  Therefore, the lesser standard some courts may hold a *pro se* litigant to do not apply to Triangle.

## CONCLUSION

Defendant Triangle Coatings, Inc. has failed to meet its initial burden of showing culpable conduct as defined by Rule 60(b)(1).  Even if this Court should accept Triangle's unavailing evidence alleging naivety of Kisner and his alleged failure to understand court proceedings, Triangle cannot satisfy both of the remaining requirements.  Plaintiff will be significantly prejudiced by loss of evidence.  Triangle's attempt to cast attorney McLean as deceiving the Court and misleading Kisner is disingenuous and offensive.  Plaintiff respectfully requests that this Court deny Triangle's Motion to Set Aside Default, and award such other relief as the Court deems just.

Respectfully submitted,

Dated: July 11, 2013                      Bolhouse, Baar & Lefere, P.C.

By:   /s/ Stephanie K. Tuttle
      Stephanie K. Tuttle (P73191)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

stephaniet@bolhouselaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 11, 2013, I electronically filed the following document with the Clerk

of the Court using the ECF system which will send notification of such filing to all attorneys of

record:

> Plaintiff's Brief in Response to Defendant Triangle Coatings, Inc.'s Motion to Set Aside
> Default – Oral Argument Requested

Dated: <u>July 11, 2013</u>                    Bolhouse, Baar & Lefere, P.C.

                                By:     /s/ Stephanie K. Tuttle
                                       Stephanie K. Tuttle (P73191)

                                Grandville State Bank Building
                                3996 Chicago Drive SW
                                Grandville MI 49418
                                Phone: (616) 531-7711

                                stephaniet@bolhouselaw.com

                                Attorneys for Plaintiff