UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE JAKUBOWSKI,

       Plaintiff,

                                            Case No.  1:11-CV-597

v.

                                            HON. ROBERT HOLMES BELL

MOSAIC MERCANTILE, INC., et al.,

       Defendants.
_____/

**O P I N I O N**

On June 28, 2011, Plaintiff Yvonne Jakubowski filed a complaint against Defendants Mosaic Mercantile, Inc., Hobby Lobby Stores, Inc., Triangle Coatings, Inc., and Michael Yablon.[1]  (Dkt. No. 1.)  On August 12, 2011, this Court entered default against Triangle pursuant to Federal Rule of Civil Procedure 55.  (Dkt. No. 9.)  Following a hearing, the Court granted Plaintiff's motion for default judgment against Triangle on June 27, 2012, and entered judgment against Triangle and in favor of Plaintiff in the amount of $80,000.  (Dkt. No. 44.)  This matter is before the Court on Triangle's June 27, 2013, motion to set aside that judgment.  (Dkt. No. 46.)

**I.**

Plaintiff was injured as the result of using grouting products purchased at Hobby Lobby.  In investigating the source of Plaintiff's injuries, Plaintiff's lawyer sent an email to

---

[1] Hobby Lobby was voluntarily dismissed on March 1, 2012 (Dkt. No. 31), and Mosaic Mercantile and Yablon were dismissed with prejudice on May 15, 2012 (Dkt. No. 36).

a customer service representative at Triangle asking if Triangle manufactured grout sealer or grout primer for Mosaic Mercantile. (Dkt. No. 46, Attach. 2, at PageID# 330.) The representative responded, indicating that Triangle did not carry grout primer but did carry grout sealer. (*Id.*) He also provided a scanned image of a product offered by Triangle which listed "Mosaic Grout" on the label along with "Triangle Crafts." (*Id.* at PageID# 332.) Accordingly, Plaintiff filed the present lawsuit and served Triangle with a summons and the complaint. (Dkt. Nos. 1, 5.) When a responsive pleading was not filed by Triangle within the time frame allocated, the Court issued a notice of impending default on July 25, 2011. (Dkt. No. 7.)

On August 3, 2011, Ned Kisner, owner and CEO of Triangle, talked with Plaintiff's attorney, Michelle McLean. Kisner told McLean that Triangle had not manufactured any products for Mosaic in the last ten years. (Dkt. No. 49, Ex. 1, McLean Aff. ¶ 10.) In response, McLean advised Kisner of the emails she had received from the Triangle employee, and forwarded those emails to Kisner on August 8. (*Id.* ¶¶ 11-12.) This was the extent of Kisner's communication with McLean, and Triangle never filed an appearance with the Court. Default was entered on August 12, 2011 (Dkt. No. 9), and default judgment was entered on June 27, 2012 (Dkt. No. 44). McLean attests that during the hearing on damages, she advised the Court that she had communicated with Kisner and that he had claimed that Triangle was not the manufacturer of the product.[2] (McLean Aff. ¶ 19.) Following that

---

[2]This advisement does not appear in the transcript for that hearing. (*See* Dkt. No. 50.)

hearing, the Court entered judgment against Triangle and in favor of Plaintiff in the amount of $80,000. (Dkt. No. 44.)

## II.

The Federal Rules of Civil Procedure provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The district court enjoys "considerable latitude" under the good cause standard to grant a defendant relief from the entry of default. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Prop. & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). In determining whether good cause has been shown, the Court considers three equitable factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

These three equitable factors also apply to a Rule 60(b) motion to set aside entry of a judgment by default. *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). However, "the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment." *Waifersong*, 976 F.2d at 292. Once a default has ripened into a default judgment, the court must first

consider the stricter requirements of Rule 60(b). *See Burrell*, 434 F.3d at 832. The stricter standard of review applies because the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b). *Id.* Nevertheless, in light of the competing policy favoring disposition of cases on their merits, ambiguous or disputed facts will be construed in the light most favorable to the defendant. *Id.*; *see INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (resolving all factual doubts and ambiguities in favor of the defendant).

### III.

Triangle's arguments for relief fall under either Rule 60(b)(1) or 60(b)(3).

Rule 60(b)(1) provides that a court may set aside a judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Triangle argues that Kisner is a pro se defendant in this matter who misunderstood the district court proceedings. (Dkt. No. 46, Br. at 6.) Kisner "assume[d] that counsel for Plaintiff would simply dismiss his company from the lawsuit without his hiring a Michigan lawyer to file an appearance" and "figured that the lawyer for Plaintiff would not continue on with a lawsuit in the face of evidence that the product that allegedly caused the Plaintiff's injuries was not even made by the named Defendant." (*Id.* at 4.)

This argument is baseless. First, Triangle is the defendant in this matter not Kisner, and a corporation must be represented by an attorney in federal court, *Doherty v. American*

4

*Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), meaning that Kisner's argument that he is a pro se defendant is baseless.  Second, Kisner's assumptions regarding Plaintiff's voluntary dismissal of Triangle are not believable.  Triangle presents no evidence in support of this argument; Kisner's affidavit, which is incomplete on its face,[3] does not address Kisner's conversation with McLean or Triangle's rationale in not filing an appearance in this matter once it became aware of the lawsuit.  There is a separate, unsigned affidavit of Kisner on file, but that also never asserts any promise by McLean, only stating that Kisner was "**under the distinct impression** that she understood she had sued the wrong company, and she would take care of getting us out of the case."  (Dkt. No. 46, Ex. 3 at ¶ 17 (emphasis added).)  Kisner's subjective "impression" does not reflect a misrepresentation by McLean. Moreover, this "impression" is contradicted by an email sent by Kisner to McLean on August 8, 2011, which indicates that Kisner was fully aware that McLean was not going to dismiss Triangle based solely on his assurances that Triangle was uninvolved:

> Although we originally manufacture [sic] for Mosaic Mercantile, we haven't done so for about 10 years.
>
> Please let me know **what you need as confirmation from me to appropriately confirm this** so we are no longer involved in the lawsuit.

(Dkt. No. 46, Ex. 4 (emphasis added).)  Neither Kisner nor Triangle has ever alleged that McLean was provided with any confirmation of Triangle's lack of involvement with Mosaic.

---

[3]The affidavit is unsigned and appears to be unfinished.  (*See* Dkt. No. 47, Kisner Aff.) The Court notified Triangle's attorney that the affidavit appeared deficient on July 1, 2013, but a corrected affidavit has never been filed.

In contrast to Triangle's lack of evidence, the Court has evidence from Plaintiff, in the form of McLean's affidavit, that McLean never promised to dismiss Triangle based on Kisner's unsupported allegations and was never provided confirmation of those allegations. (*See* McLean Aff. ¶¶ 14-18.)

Moreover, even if the Court accepted the unbelievable argument that Kisner believed Plaintiff would dismiss Triangle from the suit based on Kisner's unsubstantiated assertions, in August 2011, that does not excuse Triangle from its subsequent inaction in this case. In the ten months between that conversation and the default judgment (and the additional one year between the default judgment and the present motion), Triangle never attempted to confirm that it was actually dismissed from the suit. Kisner's argument in his unsigned affidavit that he "forgot" about the litigation and "had no knowledge or notice of the subsequent pleadings, default judgment or anything else in the litigation" (Dkt. No. 46, Ex. 3 at ¶ 18), does not change the fact Triangle knowingly and intentionally chose not to hire a Michigan attorney to file an appearance and to monitor this litigation. It cannot now rely on its ignorance of the subsequent proceedings before this Court to excuse its neglect in not filing an appearance, failing to monitor the litigation, and never following up with McLean to check if Kisner's assumption and "impression" had actually come to fruition. Accordingly, the Court finds that Triangle's neglect in this matter was inexcusable and does not warrant relief from judgment.

Triangle alternatively argues that "the actions and inactions of counsel for Plaintiff

can be seen as a form of misconduct or misrepresentation by the opposing party." (Dkt. No. 46, Br. at 5.) Rule 60(b)(3) provides that a court may set aside a judgment upon a showing of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The actions/inactions to which Triangle refers are alleged ethical violations: (1) McLean posing as a customer in an attempt to get an email admission that Triangle manufactured the grout sealer; and (2) McLean never advising Kisner that he should consult with an attorney when he asked for confirmation orally and by email of his understanding that Triangle would be dropped from the lawsuit.

     First, it is unlikely that the circumstances underlying either allegation give rise to an ethical violation. There is no misrepresentation on the face of the email sent by McLean, which notably was sent from her law office email account. As for the second allegation, Triangle has not offered any evidence to indicate that McLean was required to advise Kisner to talk to a lawyer. Additionally, as discussed above, Kisner's August 8 email did not ask for confirmation that Triangle would be dropped from the lawsuit, but instead asked what evidence Kisner would have to send to McLean to confirm his allegation that Triangle was uninvolved. In sum, there is no evidence that McLean ever assured Kisner, explicitly or implicitly, that Triangle would be dismissed from the lawsuit solely based on Kisner's unverified assurances that Triangle did not produce the product in question.

     Second, even if the circumstances alleged did give rise to ethical violations, neither instance of alleged misconduct had a prejudicial effect on the outcome of the litigation. *See*

*Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *8 (6th Cir. Sept. 17, 1996) ("[O]nce the moving party has shown by clear and convincing evidence that misbehavior falling into one or more of the three categories set out in Rule 60(b)(3) has occurred, our abiding concern with the finality of judgments leads to the conclusion that the non-moving party should be permitted to demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect on the outcome of the litigation."). Defendant had full notice of the proceedings before this Court as evidenced by the execution of the summons. (Dkt. No. 5.) The email sent by McLean to a Triangle customer service representative before litigation began is unrelated to Triangle's decision not to file an appearance in this matter. Similarly, the conversation between Kisner and McLean, which occurred after Triangle failed to file a responsive pleading within the time required, had no effect on the default and default judgment. As discussed, Triangle knowingly and intentionally chose not to hire a Michigan attorney to file an appearance and to monitor the litigation. Triangle made this decision before Kisner talked to McLean and stuck with that decision afterwards despite never receiving any confirmation from McLean or anywhere else that Triangle had been dismissed or would be dismissed. Thus, any resulting prejudice from Triangle not having any knowledge or notice of the proceedings before this Court was entirely of Triangle's doing.

 In conclusion, the Court does not find that Triangle has made a sufficient showing under Rule 60(b) to justify relief from judgment. Accordingly, it is unnecessary to address

8

the equitable factors for setting aside a default. *See Psychopathic Records, Inc. v. Anderson*, No. 08–cv–13407, 2010 WL 2510992, at *2 (E.D. Mich. June 17, 2010) ("Principles of judicial economy suggest that if there is no basis for setting aside the judgment under Rule 60(b) then a court need not consider the *United Coin Meter* factors at all.").[4]

### IV.

Accordingly, Triangle's motion to set aside the default judgment will be denied. An order consistent with this opinion will be entered.

Dated: August 19, 2013                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE

---

[4]In any case, the equitable factors do not favor relief in this case. This Court has already found Triangle culpable for the default. Although balancing of the equitable factors is generally warranted, when a defendant seeks relief pursuant to Rule 60(b)(1) "[i]t is only when the defendant can carry this burden [of showing non-culpability for the default] that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." *Waifersong*, 976 F.2d at 292. While balancing of the equitable factors would be warranted with regard to Triangle's alternative reliance on Rule 60(b)(3), Triangle's culpability for the default and the prejudice resulting from the delay of waiting one year from the date of the default judgment and nearly two years from the date of the default in bringing this present motion (in terms of availability and quality of evidence) leads the Court to believe that a balance of the factors would not favor Triangle.